IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

CHRIS E. CARHART          Case No. 9:16-bk-06499-CED

    Debtor.
_____

ROBERT E. TARDIF JR., Trustee,

    Plaintiff,

v.                                     Adv. Pro. No.

KEXIN CARHART,

    Defendant.
_____/

## ADVERSARY COMPLAINT

The Plaintiff, ROBERT E. TARDIF JR., Trustee in the above-styled bankruptcy case, sues the Defendant, KEXIN CARHART, to authorize the sale of the estate's interest in real property in which the Debtor had, at the time of filing, an undivided interest as a joint tenant or tenant by the entirety, together with the interest of the Defendant as a co-owner of the property and alleges as follows:

1.    This adversary proceeding is brought pursuant to 11 U.S.C. § 363 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151 and 157.

3.    Venue is proper pursuant to 28 U.S.C. § 1409

4.      This adversary proceeding is a core proceeding as defined in 28 U.S.C. § 157(b)(2). To the extent this proceeding is determined to be a non-core proceeding, the Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

5.      On July 29, 2016, the Debtor filed a Chapter 7 bankruptcy case. The Plaintiff is the Chapter 7 Bankruptcy Trustee appointed to administer the case.

6.      Prior to filing bankruptcy, the Debtor and the Defendant were co-owners of the following real property, a vacant lot, located in Naperville, Illinois: 3562 White Eagle Drive, Naperville, Illinois.

7.      The Court entered an Order in the general bankruptcy case sustaining the Plaintiff's Objection to Exemptions and finding that the Naperville, Illinois, property is subject to administration by the Trustee.

8.      Partition of the property between the bankruptcy estate and the Defendant is impracticable.

9.      Sale of the bankruptcy estate's undivided interest would realize significantly less for the estate than a sale of the entire property.

10.      The benefits to the bankruptcy estate outweigh any detriment to the Defendant, as a co-owner.

11.      The property is not used in the production, transmission or distribution of electric energy or of natural or synthetic gas sold for heat, light or power.

WHEREFORE the Plaintiff moves this Court for entry of a judgment

a.      determining that partition of the property is impracticable and that sale of the estate's undivided interest would realize significantly less for the estate that a sale of the entire property;

b.     determining that the benefits to the bankruptcy estate outweigh any detriment to the Defendant, as a co-owner

c.     authorizing the sale of the real property together with the interest of the Defendant's interest as a co-owner's interest in property;

d.     awarding court costs and such other relief as the Court deems just and appropriate.

/s/ Robert E. Tardif Jr.
Robert E. Tardif Jr., Esquire
P.O. Box 2140
Fort Myers, Florida 33902
Telephone: 239/362-2755
Facsimile: 239/362-2756